UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-22753-RAR

**BARBARA BRUSKI**,

 Plaintiff,

v.

**NCL (BAHAMAS) LTD.**,

 Defendant.
_____/

## ORDER TO SHOW CAUSE

**THIS CAUSE** comes before the Court upon *sua sponte* review of the docket. "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). Put differently, it is the Court's responsibility to "zealously insure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

Plaintiff demands a jury trial, purporting to proceed under diversity jurisdiction, or, in the alternative, admiralty jurisdiction. Compl., [ECF No. 1] ¶ 3. Federal courts have diversity jurisdiction over civil actions between citizens of different states or foreign countries where the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. Unlike with federal cases brought at law under the federal diversity statute, "no Seventh Amendment right to a jury trial applies in admiralty cases." *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1314 (11th Cir. 2020); *see also Caron v. NCL (Bahamas), Ltd.*, 910 F.3d 1359, 1366 (11th Cir. 2018) ("The most salient difference that proceeding in admiralty creates is the absence of a right to a jury trial."). When a case is brought pursuant to the court's admiralty jurisdiction, a jury demand is only proper where

another basis for jurisdiction, such as diversity, exists. *Caron*, 910 F.3d at 1366 (noting a jury demand would have been proper "had the District Court had alienage-diversity jurisdiction").

Here, although the parties are diverse—Plaintiff is a citizen of California and Defendant is a citizen of Florida and Bermuda—Plaintiff fails to allege that the amount in controversy exceeds $75,000.00. *See* Compl. ¶¶ 1–2. Accordingly, on the face of the Complaint, Plaintiff fails to demonstrate that the Court has diversity jurisdiction. *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) ("[T]he party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." (citations omitted)). If Plaintiff cannot properly proceed under diversity jurisdiction, the only way the Court can hear this case is under admiralty jurisdiction. And if Plaintiff proceeds under admiralty jurisdiction, Plaintiff's jury demand is improper.[1] *DeRoy*, 963 F.3d at 1314. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff shall file an amended complaint clarifying the basis of the Court's subject matter jurisdiction and/or withdrawing the jury trial demand on or before **July 3, 2025**.

**DONE AND ORDERED** in Miami, Florida, this 26th day of June, 2025.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

---

[1] Federal Rule of Civil Procedure 39(c) provides "[i]n an action not triable of right by a jury, the court, on motion or on its own . . . may, with the parties' consent, try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right . . . ." The Court considers ordering a jury trial at this juncture wholly premature.